1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE PINEDA,                          Case No. 1:10-cv-00179 JLT (PC)

12          Plaintiff,                      ORDER DISMISSING THE COMPLAINT
                                            WITH LEAVE TO AMEND
13      vs.
                                            (Doc. 1)
14   A. ENENMOH, et al.,

15          Defendants.

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in

19   accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the Court is Plaintiff's

20   complaint filed February 4, 2010.

21   I.      **SCREENING**

22          A.      **Screening Requirement**

23          The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. § 1915(A)(a).  The

24   Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a

25   claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from

26   such relief.  28 U.S.C. § 1915 (e)(2).  If the Court determines the complaint fails to state a claim, leave

27   to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

28   Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.      Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.      Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

2

1   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give

2   the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests.

3   Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint

4   need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as

5   true, to 'state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.

6   Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are

7   insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

8   1982).

9   **II.     THE COMPLAINT**

10      In his complaint, Plaintiff identifies the following as defendants to this action: Chief Medical

11  Officer Enenmoh, Correctional Officer Guerra, Correctional Officer Carranza, Correctional Sergeant

12  Lopez, Health Care Appeals Coordinator Salinas, and John Does 1-20.  Plaintiff alleges the following.

13  On or around July 2, 2008, Plaintiff was transported to the Advanced Endoscopy Center in Bakersfield,

14  California by Defendants Guerra and Carranza.  Upon his arrival, Plaintiff was placed in the custody of

15  two unknown correctional officers while he waited for a physician to examine him in the hospital's

16  recovery room.  Plaintiff began to feel nauseated.  In response, one of the unknown correctional officers

17  instructed Plaintiff to stand-up.  However, when Plaintiff attempted to stand, he soon lost his balance

18  and fell on his face.  As a result, Plaintiff suffered injuries to his nose, left cheek, forehead, and mouth.

19  (Compl. at 1-7.)

20      When Plaintiff returned to his prison facility, a nurse cleaned and bandaged Plaintiff's wounds.

21  The nurse also provided Plaintiff with two tablets of Tylenol.  Nevertheless, Plaintiff returned to the

22  nurse soon after because his wounds were still bleeding.  Plaintiff was provided two additional tablets

23  of Tylenol and was told that no further medical treatment would be provided until Plaintiff was

24  examined by a physician.  At that time, Plaintiff was also informed by Defendant Lopez that no

25  photographs would be taken of Plaintiff's injuries because the incident did not occur at the prison and

26  prison officials had not been involved.  (Compl. at 7-8.)

27      Since his accident, Plaintiff has suffered from severe headaches and insomnia.  Plaintiff has not

28  received an x-ray and has only been examined by physicians sporadically, despite his repeated requests.

1   Accordingly, Plaintiff claims that Defendants have been deliberately indifferent to his medical needs in

2   violation of the Eighth Amendment.  Plaintiff also presents a state law claim for the intentional infliction

3   of emotional distress.  In terms of relief, Plaintiff seeks compensatory and punitive damages.  (Compl.

4   8-11.)

5   **III.   <u>DISCUSSION</u>**

6       To state a claim for the violation of the Eighth Amendment based on inadequate medical care,

7   a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

8   serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must

9   demonstrate: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the

10  defendant.  <u>Conn v. City of Reno</u>, 572 F.3d 1047, 1055 (2009) (quoting <u>Jett v. Penner</u>, 439 F.3d 1091,

11  1096 (9th Cir. 2006)).  A medical need is serious "if the failure to treat the [plaintiff's] condition could

12  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  <u>McGuckin v.</u>

13  <u>Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting <u>Estelle</u>, 429 U.S. at 104).  A prison official acts

14  with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting

15  harm on the plaintiff.  <u>See Jett</u>, 439 F.3d at 1096.  "Mere 'indifference,' 'negligence,' or 'medical

16  malpractice' will not support his cause of action."  <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460

17  (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).

18      In this case, Plaintiff's allegations fail to state a cognizable inadequate medical care claim.  First,

19  as an initial matter, Plaintiff merely provides a list of defendants without demonstrating how the actions

20  of each defendant contributed to the violation of his constitutional rights.  For example, Plaintiff

21  identifies Chief Medical Officer Enenmoh as a defendant to this action, but fails to make any specific

22  allegations as to him.  Plaintiff appears to simply assume that as Chief Medical Officer, Defendant

23  Enenmoh has a general responsibility for his health and medical care.  However, for there to be liability

24  under § 1983, Plaintiff must provide an affirmative link between each defendant's actions and the

25  claimed constitutional deprivation.  <u>See Rizzo</u>, 423 U.S. at 370-71; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

26  (9th Cir. 1978).

27      Second, Plaintiff's allegations fail to demonstrate that Defendants acted with deliberate

28  indifference to his serious medical needs.  According to the complaint, Plaintiff's initial injuries from

his fall appear to have been adequately treated by the prison nurse; the nurse cleaned and bandaged Plaintiff's wounds and provided Plaintiff Tylenol for his pain.  With respect to Plaintiff's subsequent headaches, the fact that Plaintiff has not received an x-ray and has not been examined by a physician as frequently as he would like does not demonstrate deliberate indifference.  Without additional facts explaining why such were necessary, this simply appears to be a case involving negligence or a difference of opinion between a physician and a patient regarding the appropriate course of treatment. This does not rise to the level of an Eighth Amendment violation.  See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff will therefore be provided an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.

**IV.**   **CONCLUSION**

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed;

2.   Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3.   The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

/////

1    4.    Plaintiff is cautioned that failure to comply with this order will result in a

2    recommendation that this action be dismissed without prejudice.

3

4    IT IS SO ORDERED.

5    Dated:   **November 3, 2010**                                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28