IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PINEDA,<br><br>     Plaintiff,<br><br>  vs.<br><br>A. ENENMOH, et al.,<br><br>     Defendants.<br>_____/ | Case No. 1:10-cv-00179 JLT (PC)<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 10) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented for all purposes to the jurisdiction of the undersigned magistrate judge. (Doc. 5.) By order filed November 4, 2010, the undersigned dismissed Plaintiff's complaint with leave to amend. (Doc. 7.) Pending before the Court is Plaintiff's amended complaint filed February 10, 2011. (Doc. 10.)

**I.      SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

1      The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.     THE AMENDED COMPLAINT**

In his amended complaint, Plaintiff identifies the following as defendants to this action: Chief Medical Officer Enenmoh, Correctional Officer Guerra, Correctional Officer Carranza, Correctional Sergeant Lopez, Appeals Coordinator Salinas, and Does 1-20. (Doc. 10 at 2-3.) Plaintiff alleges the following. On or about July 2, 2008, Plaintiff was transported by Defendants Guerra and Carranza to the Advanced Endoscopy Center in Bakersfield, California. (Id. at 8.) After completing his procedure

at the medical center, Plaintiff was placed in the custody of two unidentified correctional officers. (Id. at 9.) Soon thereafter, Plaintiff began to feel dizzy and nauseated. (Id.) In response, one of the officers instructed Plaintiff to stand. (Id.) However, when Plaintiff attempted to stand, he lost his balance and fell on his face. (Id.) Plaintiff suffered multiple injuries to his nose, left cheek, forehead, and mouth. (Id.) Plaintiff did not receive any care at the medical center for his injuries. (Id. at 9-10.)

When Plaintiff returned to his prison facility, a nurse cleaned and bandaged Plaintiff's wounds. (Id. at 10.) The nurse also provided Plaintiff with two tablets of Tylenol. (Id.) Nevertheless, Plaintiff returned to the prison's medical clinic soon after because his wounds continued to bleed and he still suffered from severe headaches. (Id. at 10-11.) A nurse provided Plaintiff two additional tablets of Tylenol and told Plaintiff that no additional medical treatment would be provided until Plaintiff was examined by a physician. (Id. at 11.) Ten minutes later, Plaintiff spoke with Defendant Lopez, who declined to photograph Plaintiff's injuries and did not afford Plaintiff additional medical care. (Id.)

On July 4, 2008, Plaintiff submitted a CDC-602 requesting medical care and photographs of his injuries. (Id. at 12.) On September 3, 2008, prison officials responded to the CDC-602, stating that Plaintiff's medical requests would be addressed by the Medical Appeals Department. (Id.) In response, on September 11, 2008 and September 25, 2008, Plaintiff resubmitted his CDC-602 forms requesting medical care. (Id. at 12-13.) On October 7, 2008, Defendant Salinas informed Plaintiff that he failed to properly submit his CDC-602 form because he had not included both his CDC-7362 form and his ducat showing that he requested medical service. (Id. at 13.)

On October 29, 2008, Plaintiff was examined by a physician. (Id.) The physician stated that nothing could be done to ascertain the cause of Plaintiff's suffering and did not prescribe Plaintiff any medication. (Id. at 13-14.) Three months later, on February 19, 2009, Plaintiff was examined by a different physician. (Id. at 14.) That physician prescribed Mapap (Acetaminophen) to help alleviate Plaintiff's headaches and pain. (Id.)

From July 4, 2008 to October 29, 2009, Plaintiff submitted multiple "Interview Request" forms to various prison officials, as well as Defendant Enenmoh, seeking medical attention. (Id. at 14-15.) On April 8, 2009, Defendant Enenmoh responded to one of Plaintiff's CDC-602 forms at the second level of review and granted Plaintiff's request for medical treatment. (Id. at 24-26.)

Based on the above allegations, Plaintiff claims that Defendants failed to provide him adequate medical care in violation of the Eighth Amendment. Plaintiff sues Defendants in both their individual and official capacities. Plaintiff also presents state law claims for the intentional infliction of emotional distress. In terms of relief, Plaintiff seeks monetary damages.

## III.   DISCUSSION

### A.   Eighth Amendment – Inadequate Medical Care

To state a claim for the violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must demonstrate: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain may indicate that plaintiff has a serious need for medical treatment. McGuckin, 974 F.2d at 1059-60.

A prison official acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may be shown when a prison official denies, delays, or otherwise intentionally interferes with medical treatment. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference in opinion between a physician and his patient over the best course of treatment is also insufficient to demonstrate deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff fails to state a cognizable claim for inadequate medical care against any of the named defendants. Even assuming that Plaintiff's headaches, facial wounds, and occasional inability to sleep constitute serious medical needs, Plaintiff has failed to allege facts demonstrating that any of the defendants acted with deliberate indifference.

### 1.    Defendants Guerra and Carranza

Plaintiff simply alleges that Defendants Guerra and Carranza transported him from his prison facility to the Advanced Endoscopy Center on July 2, 2008. Plaintiff also vaguely alleges that the two defendants were directly responsible for Plaintiff's health, safety, and general welfare during the trip. Without more, these allegations are insufficient to demonstrate that Defendants Guerra and Carranza acted with deliberate indifference. Notably, Plaintiff does not allege facts demonstrating that either of these defendants were ever made aware of Plaintiff's injuries or need for medical attention. See Farmer, 511 U.S. at 837 (deliberate indifference requires that the defendant be aware of facts from which the inference could be drawn that a substantial risk of serious harm to the plaintiff exists, and the defendant must also draw that inference). Nor are there facts suggesting that these defendants were in a position to provide Plaintiff such attention. See id. at 844 (the Eighth Amendment only requires prison officials to act reasonably).

### 2.    Defendant Lopez

Plaintiff alleges that Defendant Lopez declined to take photographs of his injuries and did not provide him with additional medical care. Plaintiff also vaguely alleges, once again, that Defendant Lopez was directly responsible for his health, safety, and general welfare. Be that as it may, Plaintiff fails to explain why photographing his injuries was pertinent to his medical care. Moreover, although Plaintiff was not immediately provided additional medical attention after seeing a nurse for a second time, Plaintiff does not allege that he made a request for such directly to Defendant Lopez, or that the defendant was otherwise aware that Plaintiff needed further treatment. Accordingly, Plaintiff fails to show that Defendant Lopez acted with deliberate indifference.

### 3.    Defendant Salinas

Plaintiff alleges that Defendant Salinas informed him that he failed to properly submit a CDC-602 form because he had not included both a CDC-7362 form and a ducat showing that he requested

5

medical service.  There is no indication, however, that this was an improper or illegitimate reason for screening-out Plaintiff's inmate appeal. In this regard, Plaintiff fails to show that Defendant Salinas wantonly denied, delayed, or otherwise interfered with Plaintiff's medical care.  Accordingly, Plaintiff fails to allege that Defendant Salinas acted with deliberate indifference.

### 4.     Defendant Enenmoh

Plaintiff alleges that for nine months, from July 4, 2008 to April 8, 2009, Defendant Enenmoh failed to respond to his requests for medical treatment, even though Plaintiff forwarded to Defendant Enenmoh multiple "Interview Request" forms which Plaintiff had submitted to other prison officials. Plaintiff, however, does not allege facts demonstrating that Defendant Enenmoh actually received and read the forwarded forms.  This is especially notable because it appears that Defendant Enenmoh, as a chief medical officer, does not typically handle such routine forms that concern matters which are generally addressed by medical staff.  Thus, because there is no indication that Defendant Enenmoh *knowingly* disregarded a serious risk to Plaintiff's health, Plaintiff fails to show that the defendant acted with deliberate indifference.

### 5.     Does 1-20

Plaintiff fails to specify which individuals "Does 1-20" refer to.  Does 1-20 potentially refer to: (1) the two unknown correctional officers who had custody over Plaintiff at the Advanced Endoscopy Center; (2) the nurse who examined Plaintiff after Plaintiff returned from the medical center; (3) the nurse who examined Plaintiff after Plaintiff returned to the prison's medical clinic for additional care; (4) the physician who examined Plaintiff on October 29, 2008; and (5) the physician who examined Plaintiff on February 19, 2009.  In any event, Plaintiff fails to demonstrate that any of these individuals acted with deliberate indifference.

First, apparently Plaintiff faults the two unknown correctional officers for not summoning any medical staff to immediately assist him after he fell and injured himself.  The facts, however, suggest that this was not possible.  Plaintiff alleges that he injured himself at the Advanced Endoscopy Center, a *private* medical clinic.  Because the clinic is not controlled by the state, it is hard to see how the two unknown correctional officers could have demanded medical care for Plaintiff.  Instead, Plaintiff would have to wait until he returned to prison to receive medical treatment, which is exactly what Plaintiff

6

alleges happened. Thus, it appears that the two correctional officers reasonably responded to the circumstances. Moreover, to the extent that the two correctional officers can be said to have caused a delay in Plaintiff's treatment, there is no indication that Plaintiff suffered any further harm as a result of the delay. See Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1995) (a delay in medical treatment does not constitute deliberate indifference unless the delay causes further harm).

Second, it appears from the facts alleged that the nurse who examined Plaintiff when he first returned to prison provided Plaintiff with adequate medical treatment. Plaintiff alleges that the nurse cleaned and bandaged his wounds and provided him two tablets of Tylenol to alleviate his pain. There are no allegations suggesting that this treatment was medically unacceptable under the circumstances or that the nurse knowingly disregarded an excessive risk to Plaintiff's health.

Third, it also appears from the facts alleged that the nurse who examined Plaintiff when he returned to the prison clinic for additional treatment, reasonably responded to Plaintiff's need for care. Plaintiff alleges that the nurse provided him with two additional tablets of Tylenol and told him that he must see a physician if he wanted further treatment. There are no facts indicating that this treatment was medically unacceptable under the circumstances or that the nurse was authorized to provide Plaintiff further care. Plaintiff, therefore, has failed to allege that the nurse knowingly disregarded an excessive risk to Plaintiff's health.

Fourth, Plaintiff merely alleges a difference in opinion with the physician he saw on October 29, 2008 regarding the course of his treatment. In particular, Plaintiff disputes the physician's diagnosis that nothing could be done to ascertain the root cause of Plaintiff's pain and suffering. This does not rise to the level of an Eighth Amendment violation. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) (a difference in medical opinion does not amount to deliberate indifference).

Finally, the physician who examined Plaintiff on February 19, 2009 appears, from the facts alleged, to have provided Plaintiff with adequate medical treatment. Plaintiff alleges that the physician prescribed him Mapap (Acetaminophen) in order to alleviate his headaches and pain. There are no facts suggesting that this treatment was medically unacceptable under the circumstances. To the extent that Plaintiff suggests that the physician should have provided him additional treatment, such as taking X-

rays, this simply alleges a difference in opinion over the course of treatment, which, again, does not rise to the level of an Eighth Amendment violation. See Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent [deliberate indifference.] At most it [shows] medical malpractice[.]").

### B.  Official Capacity Claims

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Here, there is no indication that the state has waived its immunity or has otherwise consented to this suit. Accordingly, Plaintiff's official capacity claims, which seek only monetary damages, must be dismissed.

### C.  State Law Claims

As indicated above, Plaintiff asserts claims for the intentional infliction of emotional distress. Pursuant to 28 U.S.C. § 1367(a), a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" However, "[t]he district court may decline to exercise supplemental jurisdiction over [any] claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Accordingly, because Plaintiff has failed to state a cognizable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("[If] the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")

### D.  No Leave to Amend

In its previous screening order, the Court advised Plaintiff of the deficiencies in his inadequate medical care claims and granted Plaintiff leave to amend. Plaintiff, however, has failed to meaningfully address the deficiencies identified by the Court in his amended complaint. The amended complaint is, for the most part, identical to the original complaint. Accordingly, the Court will dismiss this action without further leave to amend. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the district court had, in its previous order, instructed plaintiff as to the deficiencies in his pleadings).

**IV.     CONCLUSION**

For the reasons set forth above, it is **HEREBY ORDERED** that:

1. This action is **DISMISSED** with prejudice for Plaintiff's failure to state a claim;
2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 12, 2011**                                               /s/ Jennifer L. Thurston
                                                                              UNITED STATES MAGISTRATE JUDGE